**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4582**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    versus

TYRELL L. ANTHONY,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Matthew J. Perry, Jr., Senior
District Judge.  (CR-02-554)

─────────────

Submitted:  August 25, 2005      Decided:  August 30, 2005

─────────────

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Andrew R. Mackenzie, BARRETT & MACKENZIE, LLC, Greenville, South
Carolina, for Appellant.  William Kenneth Witherspoon, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tyrell Anthony appeals his guilty plea conviction and 240-month sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2000) and failure to appear, in violation of 18 U.S.C. § 3176(a)(1) (2000). Anthony's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he finds no meritorious grounds for appeal, but asking this Court to review the record for general ineffective assistance of counsel. The Government declined to file an answering brief. Anthony filed a pro se supplemental brief raising several additional issues. Finding no reversible error, we affirm.

In his pro se supplemental brief, Anthony asserts that the Government filed an untimely notice of intent to charge a prior conviction pursuant to 21 U.S.C. § 851(b) (2000). After careful review of the record we conclude that the Government filed its initial notice well before Anthony's guilty plea, in compliance with the requirements of section 851(b). See 18 U.S.C. § 851(b) (2000). Because any objection would have been meritless, we also reject Anthony's claim that his counsel rendered ineffective assistance for failing to assert a meritless objection in the district court. See Strickland v. Washington, 466 U.S. 678, 687-95 (1984).

Anthony also asserts that the district court failed to conduct the appropriate colloquy at sentencing as required by § 851. Because Anthony did not raise this claim in the district court, it is reviewed for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. <u>Id.</u> If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> Although we recognize that the district court did not expressly ask Anthony if he wished to challenge his prior convictions, we note that Anthony stipulated to the priors under § 851 in his plea agreement. Moreover, Anthony failed to object to the Presentence Report despite its reference to his prior convictions. Finally, we note that despite being asked several times, Anthony declined to address the district court. We, therefore, conclude that any error did not affect Anthony's substantial rights. <u>United States v. Ellis</u>, 326 F.3d 593, 598-99 (4th Cir. 2003) (finding no plain error where the district court did not strictly comply with § 851 because counsel failed to object to the prior in the PSR and because the defendant declined to address the court).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no instances of ineffective assistance, <u>see</u> <u>Strickland</u>, 466 U.S. at 687-95; <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999) (holding that claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the face of the record conclusively establishes ineffective assistance), or other meritorious issues for appeal. We, therefore, affirm Anthony's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>